JOHNSON *v.* SMITH.

QUIETING TITLE—EVIDENCE—SUFFICIENCY.
    On a bill to quiet title to certain land, evidence examined, and
    *held*, sufficient to support a decree for complainants.

Appeal from Berrien; Coolidge, J. Submitted June 10, 1908. (Docket No. 58.) Decided September 10, 1908.

Bill by James Johnson, Julia A. Johnson, and Eliza M. Smith against Mary P. Smith to quiet title to certain land. From a decree for complainants, defendant appeals. Affirmed.

*Gore & Harvey*, for complainants.

*Charles H. Roberts* and *Lawrence C. Fyfe*, for defendant.

MOORE, J. This is a proceeding in chancery brought for the purpose of quieting the title of Eliza M. Smith to the W. ½ of the W. ½ of the S. W. fractional ¼ of section 35, town 7 S., range 21 W., which complainant Eliza M. Smith claims to own subject to the rights of Francis F. Brown, under a land contract possessed by him. The case was tried in open court. The circuit judge granted a decree as prayed for in the bill of complaint. The case is brought here by appeal.

A great many legal questions are discussed, particularly in the brief filed by the appellant. The important question, however, is not a legal one, but is a question of fact. In 1866 Henrietta A. Ballangee and Edna Ballangee were the owners of the southwest fractional quarter of section 35, containing 60.41 acres. On November 5, 1866, Henrietta A. Ballangee conveyed by warranty deed an

undivided interest in the southwest fractional quarter of section 35 to Edwin Ballangee. On November 28, 1867, Edna Ballangee conveyed her undivided half interest in the land to Susan A. Swift. On April 20, 1869, Edwin Ballangee and wife conveyed their undivided half interest in the land to James Johnson and Josiah Johnson. The defendant and her husband in 1879 resided on a piece of land next east and adjoining the above land. It is the claim of the complainant that it was agreed that the defendant should acquire the interest of Susan A. Swift, whose name then was Susan A. Swift-Orvis, which was an undivided one-half interest, and that, for the purpose of dividing the respective interests in said land and giving title thereto, James Johnson and wife and Josiah Johnson and wife would deed their interest in the east half of said land to the said Mary P. Smith, and that Mary P. Smith would deed her interest in the west half of said land to the said Josiah Johnson and wife and James Johnson and wife. It is further claimed that Mary P. Smith, in pursuance of said agreement, purchased the interest of Susan A. Swift-Orvis, and that for the purpose of carrying out said agreement aforesaid the following conveyances were made: Quitclaim deed from James Johnson and wife and Josiah Johnson and wife to Mary P. Smith, dated May 23, 1879, acknowledged same day, recorded June 17, 1879, conveying the east half of the southwest fractional quarter of section 35-5-21, containing 30.21 acres; quitclaim deed Mary P. Smith to Josiah Johnson and wife, Margaret, and James Johnson and wife, Julia A., dated May 23, 1879, acknowledged same day, recorded December 30, 1881, consideration one dollar, conveying the west half, section 35-7-21, 30.21 acres. Another deed pertaining to this transaction is a warranty deed from Susan A. Orvis, formerly Susan A. Swift, to Mary P. Smith, dated June 15, 1879, consideration $1,000, conveying undivided half of southwest fractional quarter, section 35-7-21. When the Johnsons first acquired an interest in the land, there was a house and orchard on the west half of the

land into which Josiah Johnson moved, and where he continued to live until his death, 20 years or more later.

It is the claim of complainant that, when the deeds above mentioned were delivered, the parties supposed that the effect was to give the Johnsons title to the west half of the land, and Mrs. Smith title to the east half thereof. It will be observed that the quitclaim deeds are of earlier date than the deed from Mrs. Orvis to Mrs. Smith. Just when the respective deeds were delivered does not appear, but it does appear that the deed from Mary P. Smith to the Johnsons was not recorded until a year and a half after Mrs. Smith had a deed from Mrs. Orvis. Up to the time of these conveyances Mrs. Smith had no title to any of the land, while the Johnsons were the owners of an undivided one-half thereof, and, when Mrs. Smith obtained the conveyance from Mrs. Orvis, she became the owner of an undivided half thereof; and it was only by reason of the quitclaim deeds that Mrs. Smith became the owner of the east half, and the Johnsons ceased to be the owners of an interest in the east half. Before this proceeding was brought, an attorney in the interest of complainant saw the defendant and asked for a quitclaim deed. She at that time disclaimed any title in the west half, and said she must consult an attorney, and declined to give the deed. It is now claimed in her behalf that, as her deed from Mrs. Orvis is dated later than her quitclaim deed, her quitclaim deed, in fact, conveyed nothing.

It is the claim of complainants that, immediately following the giving of the above deeds, a line fence was built between the west half and the east half of said land, and that the Johnsons and their legal successors, claiming to be the owners thereof, have occupied the land up to said line fence, and that Mrs. Smith has occupied the land east of said fence, claiming to be the owner thereof, and that Mrs. Smith never claimed any interest in the land west of the fence until after the interview with the attorney mentioned above.

It is also the claim of the complainant that the Johnsons or their successors paid or caused to be paid the taxes on the west half of said land, except as will be stated hereafter. We have already stated the claim of defendant as to the effect of the deeds which were made in 1879. She also now disputes that the Johnsons and their grantors have been in possession of all the land west of the fence, and insists that sometimes no one was in possession. She also claims some title by virtue of a quitclaim deed from Roscoe Dix and wife to Mary P. Smith of the southwest fractional quarter, dated October 9, 1886, consideration, $5, in which it is recited:

"This conveyance is made to release all claims of said first parties acquired by purchase of delinquent taxes for the years 1874, 1877, and 1880."

It does not appear that the State ever made any deed to Mr. Dix, and Mrs. Smith, until after this proceeding was brought, made no claim by virtue of the Dix deed or release to any part of the west half of this land. After the suit was commenced she made a quitclaim deed; the consideration therein being recited as $25. We regard it as a significant fact that, though Mrs. Smith must know all the facts surrounding this transaction, for some reason she did not take the witness stand, and tell the court what she knew. We have not recited all of the conveyances which are shown in the record, but we have referred to such of them as we have deemed necessary. A reading of the record satisfies us that the testimony sustains complainants' claim. From that testimony we infer that the deed from defendant dated May 23, 1879, was not delivered until after the delivery of the deed to her from Susan A. Orvis, which bears date June 15, 1879.

The circuit judge made a righteous decree, and it is affirmed, with costs.

GRANT, C. J., and BLAIR, CARPENTER, and McALVAY, JJ., concurred.